**NOT FOR PUBLICATION**

FEB 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJIT MANN, | No. 10-71294 |
| Petitioner, | Agency No. A076-724-739 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2014
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District
Judge.[**]

Ranjit Mann, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' decision affirming an immigration judge's denial of his

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William K. Sessions, III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

Convention Against Torture ("CAT"). We deny the petition because substantial evidence supports the adverse credibility determination. Because the parties are familiar with the history of the case, we need not recount it here.

We review factual findings underlying the denial of an asylum claim, including findings regarding lack of credibility, for substantial evidence. *Mejia-Paiz v. INS*, 111 F.3d 720, 722 (9th Cir. 1997). The agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). On pre-REAL ID Act claims, we are bound to uphold a negative credibility determination where the inconsistencies that are identified go to the "heart of the asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).

Substantial evidence supports the immigration judge's adverse credibility finding. First, Mann's testimony and declaration regarding whether he belonged to the All India Sikh Student Federation or the Sikh Student Federation were inconsistent. Mann testified that there were differences between the two groups but then was unable to explain what those differences were. When questioned further about the discrepancies between his testimony and his declaration, he never stated whether he was a member of both groups or of one and not the other; nor did he maintain that the groups were one and the same or that he personally regarded

them as one and the same. In the end, Mann's testimony on this issue was so muddled as to be incomprehensible. Second, three arrests form the basis for Mann's asylum claim. Mann's testimony and declaration were inconsistent with respect to the second of those arrests. Despite repeated questioning, Mann was unable to describe what occurred and where and simply repeated the facts of the first arrest, even when it was pointed out to him that the description he gave applied to the first arrest, not the second. When given the opportunity to explain the discrepancies regarding the second arrest, he failed to do so. His inability to consistently describe one of the three arrests critical to his asylum claim prevents his testimony from having the requisite "ring of truth." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

These discrepancies go to the heart of his claim and support the adverse credibility determination. A reasonable adjudicator would not be compelled to conclude otherwise. Absent credible testimony, Mann cannot establish his eligibility for asylum. An applicant who fails to establish his eligibility for asylum also fails to satisfy the more stringent standard for eligibility for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Likewise, without credible testimony, Mann cannot meet his burden to show that it is "more

likely than not" that he will be tortured upon his return to India, as required to support his CAT claim.  *Id.* at 1157.

PETITION DENIED.